HILL, Circuit Judge,
specially concurring:
Bennie Bascomb, Jr. appeals from his conviction and ten-year sentence of confinement, asserting that his sentence, mandated by statute, violates his Eighth Amendment right to be free from cruel and unusual punishment. The United States moves to dismiss Bascomb’s appeal on the grounds that he has waived his right to appeal as part of his agreement to plead guilty.
I. ■
Bascomb grew marijuana at his home. The government did not contend that he trafficked in the drug. Bascomb’s wife, however, also lived in the home and was charged with possession of the marijuana. At the time of his arrest, Bascomb possessed and was subsequently also charged with possession of a .22 caliber pistol.
Since he was not a drug dealer, Bas-comb had little to offer the government in exchange for lesser charges. He did, however, want his wife to go free. As a result, he agreed to a deal in which the government dropped all charges against his wife in exchange for his guilty plea and admission that he was growing “more than 100” marijuana plants — the number of plants that would trigger a mandatory five-year sentence — as well as to the possession of the handgun — also triggering a mandatory five-year minimum sentence. Under the statutes, these sentences would be re *1298 quired to run consecutively.[1]
At sentencing, the district judge expressed concern about the length of the mandatory minimum consecutive sentences — ten years:
It’s almost ironic, but if he were a drug dealer he’d almost be in better shape. I mean this is an instance where if he was trafficking in drugs so he could turn somebody in, then he would get a lesser sentence. He’s" a person who perhaps is growing drugs for himself gets the harsher sentences. It’s like the law has turned on its head .... The court officially states here that but for the mandatory minimum sentence I would give this defendant a significantly less sentence .... The sentence would be different. Dramatically different.[2]
Bascomb objected at sentencing that the two consecutive mandatory five-year minimum sentences were grossly excessive and violated his Eighth Amendment right to proportional punishment. See Solem v. Helm, 463 U.S. 277, 303, 103 S.Ct. 3001 (1983) (“The Constitution requires us to examine Helm’s sentence to determine if it is proportionate to this crime”). He stated that he wished to preserve the right to appeal the sentence on this ground.
The district court, noted that “You can’t appeal that unless I pass on it first .... You have to first present it to me and then I have to find whether it’s unreasonable or not.”
Bascomb’s counsel then stated:
And it is our position that in this case, Your Honor, we believe the sentence the Court is going to impose, because it has no other authority to do so, is unreasonable .... The fact that the Eighth Amendment, that it’s cruel and unusual in light of the fact that he has a criminal history category of one, no prior involvement in law enforcement, yet the Court has to in this circumstance impose a sentence of a hundred and twenty months. It is our position that this sentence is cruel and unusual and unreasonable under 3553.
The district court stated that he agreed with the defendant that the sentence was unreasonable, but held that it did not violate the Eighth Amendment, to which Bas-comb responded, “Yes, your Honor, but I’ve made my record.” The district court agreed, stating, “Certainly. And I think you should perhaps pursue it.”
At this point the court asked the government, “Anything else, Counsel?” The government responded, “Not from the government, Your Honor.”
The district court then announced, “The court overrules the contention that the sentence is cruel and unusual. I do agree that it’s unreasonable, but that doesn’t amount to being cruel and unusual.”
Although Bascomb waived his right to appeal all issues save ineffective assistance of counsel and prosecutorial misconduct, he appeals his sentence asserting that it violates his constitutional right under Eighth Amendment to a sentence proportionate to his crime. The government filed a motion to dismiss, based upon Bascomb’s agreement to waive his right to appeal. *1299 Bascomb argues that the government acquiesced at sentencing to both the objection and this appeal by not contradicting the district court’s interpretation of the legal consequences of the events at sentencing.
II.
There can be no doubt, as the majority today holds, that Bascomb agreed in his plea agreement not to appeal his conviction and sentence on any grounds other than ineffective assistance of counsel or prose-cutorial misconduct. Furthermore, I agree with the majority that the result in this case is controlled by United States v. Howle, 166 F.3d 1166 (11th Cir.1999). I write to suggest, however, that the court might well revisit Howie.
Under Howle, the judicial authority of the United States, which I had heretofore believed reposed in the district judge, has been transferred to the executive, an Assistant United States Attorney.[3] Howle instructs that the interpretation and explanation of the defendant’s rights — including his right to appeal — provided by the district judge to the defendant at sentencing is not binding, but rather merely dicta. What really counts, according to Howle, is what the government told the defendant. Imagine the defendant’s surprise upon learning that the district judge’s interpretation of the law, explained to the defendant at sentencing, has been trumped by the contract he signed with the government’s attorney. All the more surprising, since at sentencing when the judge explained the law to the defendant, including his right to appeal, the government voiced no objection, its attorney stood mute, not reminding anyone of the inviolate contractual rights that the government knew would ultimately prevail over the judge’s interpretation of the law.[4]
This holding is particularly disturbing since we have enshrined the plea colloquy as the hallmark of a knowing and voluntary plea. Leaving out even a smidgen of this mantra requires a finding that the plea was neither knowing nor voluntary. Nonetheless, when the district court makes an affirmative misstatement of the law to the defendant, say, for example, “if I say this or do that, you have the right to appeal,” there is no legal effect on the plea whatsoever. It is as though it never occurred. It is dicta.
This apparently is the law. I reluctantly concur.

. As far as the record discloses, the government gave nothing further and Bascomb received nothing but his wife’s release.

. At sentencing, the Probation Officer advised the court that ”... absent the mandatory minimum required sentence, the amount of marijuana we're talking about in this case, the guidelines sentencing range would be between twelve and eighteen months.”

. Of course, this case illustrates that a significant portion of judicial authority has already been transferred by Congress to itself. By creating mandatory minimum sentences, Congress — well in advance of the commission of the offense — has resolved all pertinent issues and considerations in crafting an appropriate sentence. While much as been made (appropriately it is submitted) about "judicial legislating,” this sort of "congressional adjudication” represents an unfortunate blurring of the separate responsibilities of our three branches of government.
Government counsel, the executive branch, gets into the act by selecting charges from a menu of possible transgressions, thereby counting backwards from the desired sentence in this case to the charge that will produce it. As part of this process, the government chooses to forego its delegated obligation to see to "the faithful execution of the laws” by dismissing charges against the wife.
The third branch is eliminated and given no role to play in this process.

. We are taught that, when the district judge explains the legal result of the proceedings, including events occurring during sentencing, to the defendant, the defendant should ask the AUSA whether the explanation is correct.